NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN YAGMAN, | No. 21-56277 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-06093-SB-MRW |
| v. | |
| ROBERT WUNDERLICH; LILI BOSSE; JOHN A. MIRISH; JULIAN A. GOLD; LESTER J. FRIEDMAN; GEORGE CHAVEZ; JEFF S. MUIR; HOWARD S. FISHER; LAWRENCE WIENER; HUMA AHMED; NOOSHIN MESHKATY; SHARON IGNARRO; JAY SOLNIT; RONALD SHALOWITZ; LISA K. SCHWARTZ; DOES, Unknown Named Defendants 1-20, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted July 12, 2022[**]

Before:    SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Stephen Yagman appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action arising out of a parking citation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011). We affirm.

The district court properly dismissed Yagman's action because Yagman failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and conclusory allegations are not entitled to be assumed true (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying further leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (explaining that "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued

21-56277

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**